[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13342

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MALCOLM SHAW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:99-cr-00125-KMM-8

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Malcolm Shaw, a federal prisoner, appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"). The United States agrees that the district court erred in concluding that Shaw is statutorily ineligible for a sentence reduction. Because Shaw was sentenced for a covered offense and did not receive the lowest statutory penalty available to him under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), he was eligible for First Step Act relief. Accordingly, we vacate and remand.

## I.

Shaw was one of fifteen defendants convicted in a large drug trafficking case. He was convicted on three counts: conspiracy to possess with intent to distribute both powder cocaine and cocaine base (Count 2), and two counts of distribution of powder cocaine (Counts 11 and 12). Count 2 of the third superseding indictment alleged that Shaw conspired with intent to possess at least five kilograms of powder cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)–(iii), and 846. Counts 11 and 12 were powder-only cocaine offenses. Shaw was eventually sentenced to 360 months imprisonment on each of the

three counts. The sentences were set to run concurrently, to be followed by 10 years of supervised release.

Shaw later filed a motion for a reduction of sentence under the First Step Act. He argued that he was eligible for a sentence reduction as to Count 2 because that count involved both powder cocaine and crack cocaine. He reasoned that because statutory penalties for offenses involving crack cocaine were modified by the Fair Sentencing Act, a multiple-element offense involving crack cocaine was a "covered offense" under the First Step Act. The district court denied Shaw's motion, concluding that Shaw was not eligible for a sentence reduction because he had not been convicted of a covered offense. It held that although Count 2 charged Shaw with conspiracy to distribute both powder cocaine and crack cocaine, the sentencing court had imposed a sentence based on the statutory penalties for powder cocaine, not crack cocaine. And because the Fair Sentencing Act did not modify the statutory penalties for powder cocaine, Shaw was not entitled to a sentence reduction under the First Step Act. Shaw timely appealed.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

4                    Opinion of the Court                    20-13342

### III.

The Fair Sentencing Act amended the statutory penalties attached to offenses involving crack cocaine to reduce sentencing disparities between those offenses and offenses involving powder cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). The passage of the First Step Act made these amended statutory penalties retroactive. *See* First Step Act § 404. The First Step Act provides that a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). It defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). Because Section 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," we have held that a movant was convicted of a "covered offense" if he was convicted of an offense that triggered one of those statutory penalties. *Jones*, 962 F.3d at 1298.

The district court held that Shaw's offense was not covered because, although it contained crack cocaine and powder cocaine elements, the sentencing court ultimately imposed the statutory penalty attached to offenses involving powder cocaine, not crack. After the district court denied Shaw's motion, we rejected its reasoning in *United States v. Taylor*, 982 F.3d 1295 (11th Cir. 2020).

There, we held that multiple-object offenses that include a cocaine-base element triggering either Section 841(b)(1)(A)(iii) or (B)(iii) are covered offenses under the First Step Act. We reasoned that the statutory penalties for a drug-trafficking offense include all the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element. *Id.* at 1300–01. And we explained that the statutory penalties for an offense included the penalties triggered by the offense regardless of whether those penalties were the ones applied at sentencing. *Id.* at 1301. Thus, the presence of a cocaine base drug-quantity element renders the offense "covered" under the First Step Act even if the movant ultimately would be subject to the same statutory sentencing range because of another drug-quantity element of the offense. *Id.*

We must remand for the district court to consider whether to grant or deny Shaw's motion in light of *Taylor*. Here, as in *Taylor*, Shaw was sentenced for a multiple-object offense that included a crack cocaine element and a powder cocaine element. Both parties agree that, after *Taylor*, Count 2 of Shaw's indictment is a covered offense under the First Step Act. They also agree that, because Shaw's 360-month sentence for Count 2 was not already the lowest available sentence under the Fair Sentencing Act's modified tiered penalties, the district court erred in ruling that Shaw was ineligible for First Step Act relief on that count. Because the district court did not alternatively exercise its discretion in denying relief in light of the statutory factors, a limited remand is required for the district

6                         Opinion of the Court                    20-13342

court to consider whether to exercise its discretion to grant or deny Shaw's motion.

**VACATED AND REMANDED.**